The judgment is affirmed. The attempted appeal from the order denying motion for new trial is dismissed.

Desmond, P. J., and Wood, J., concurred.

·Appellants' petition for a hearing by the Supreme Court was denied January 10, 1946.

[Crim. No. 3930.   Second Dist., Div. Three.   Nov. 15, 1945.]

THE PEOPLE, Respondent, v. BILLIE WEAVER, Appellant.

Walter L. Gordon, Jr., for Appellant.

Robert W. Kenny, Attorney General, and L. G. Campbell, Deputy Attorney General, for Respondent.

DESMOND, P. J.—In a jury-waived trial defendant was convicted of assault with a deadly weapon upon one Eph Lincoln, and sentenced to serve 90 days in the county jail under the alternative provisions of section 245 of the Penal Code which permit punishment to be imposed for this offense either by fine or incarceration in jail or state prison.  She appeals from the judgment, claiming that she acted in self-

defense and that the evidence was insufficient to sustain the conviction. The record does not indicate that her claims are well grounded.

██ Eph Lincoln, the man who was assaulted, was engaged in no controversy with the defendant. At the time she stabbed him or slashed him with a knife she was directing her attention not to him, but to her "boy friend," Ernest Spears, known locally, as "Trigger," who had just struck her over the head with a garbage bucket which he seized behind the bar of Sarrell's, the establishment where he was employed as bartender. He testified that in his excitement, being pursued by appellant, the blow with the bucket which landed on appellant's head was intended to strike her hand and knock from it the knife which she carried. As his aim was poor, so was appellant's, for the stab which she intended for Trigger landed instead in the chest of Lincoln who was seated quietly on a stool behind the bar and several feet away from Trigger.

While appellant and Trigger had been quarrelling previously, and had left Sarrell's Bar and Grill shortly before the stabbing took place, only to return almost immediately, Lincoln did not participate in the quarrel in any way. He testified that Trigger, when he returned to the saloon, was followed by appellant who "came running back in the place"; that Trigger "stopped at the cigar counter at the end of the bar and she stopped there. I am sitting behind the cigar counter, which is at the bar, too, on a stool, and all at once she comes behind the counter and lunged there with a knife and struck me." Question by Mr. Danoff: "Did you say anything to her? A. I said, 'Madam, you cut the wrong man.'"

Shortly thereafter, Lincoln was taken to the hospital and given a blood transfusion and was not discharged from the hospital until eight days later.

Appellant did not testify at her trial, but a police officer stated that she told him, "that Mr. Spears had hit her in the face with a bucket, and she had took after him with the knife and evidently stabbed the wrong man back of the counter."

The record in this case indicates that the person engaged in self-defense at the time of the stabbing was not this appellant, but the man whom she was pursuing with a knife in her hand. Therefore, the authority cited by her counsel

(30 C.J. 88-89) as sufficient to excuse her assault upon an innocent bystander, has no application, and since she was not acting in self-defense, the fact that she did not intend to stab Lincoln cannot clear her, under the reasoning of cases cited by respondent in 40 C.J.S. 864.

Judgment affirmed.

Shinn, J., and Wood, J., concurred.